Case 4:22-cv-03414   Document 23   Filed on 03/27/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MONROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3414 |
| | § | |
| HARRIS COUNTY PRETRIAL | § | |
| SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Katherine Monroy has moved for reconsideration of the court's order, (Docket Entry No. 19), dismissing her complaint with prejudice. (Docket Entry No. 20). Although Monroy undoubtedly alleged facts showing that she was subject to humiliating treatment by the defendants, her motion provides no basis for the court to reconsider its dismissal of her claims.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted). "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, LLC*, No. 20-cv-20129, 2021 WL 126419, at *3 (5th Cir. Jan. 13, 2021) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). A party seeking reconsideration must satisfy "at least one of" the

following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717–18 (E.D. La. 2018) (citations omitted).

Relief under Rule 60(b) requires the movant to demonstrate:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Subsection (6) requires the movant to demonstrate "extraordinary circumstances." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted).

A Rule 59(e) motion must be made within 28 days of the entry of judgment. FED. R. CIV. P. 59(e). A Rule 60(b) motion must be made within a "reasonable time," or, in the case of motions made under subsections (b)(1)–(3), within no more than a year after the entry of judgment. *Id.* 60(c)(1). Monroy's Rule 59(e) motion was filed more than 28 days after the entry of the court's order of dismissal and is therefore untimely. (*See* Docket Entry Nos. 19, 20). Even if Monroy's motion was timely, it does not provide a basis for reconsideration.

Monroy argues that the court prematurely dismissed her case with prejudice. (Docket Entry No. 20 at 15–17). Specifically, she argues that she was not given the opportunity to discover

the names of the individual official defendants sued in her complaint. (*Id.* at 15). Those identifications would have not remedied the complaint's deficiencies. Whether she identified the defendants by name or otherwise, Monroy did not allege facts that could state civil rights violations against them or that could overcome their defense of qualified immunity. Because the court found that Monroy could not recover for those violations under current law, it denied leave to amend as futile. Futility, as Monroy notes in her motion, (*id.* at 16), is a proper basis on which to deny leave to amend. Monroe identifies no manifest error in the court's analysis. Nor does she present newly discovered or previously unavailable evidence relevant to her claims or argue that there has been an intervening change in the law. The injustice Monroy identifies under FED. R. CIV. P. 59(e)(3) flows from the state of controlling law, not from an error in identifying or applying that law.

Monroy does not present evidence of extraordinary circumstances entitling her to relief under Rule 60(b)(6). While the court considers Monroy's belated identification of the individual defendants under Rule 60(b)(2), those identifications do not affect the basis of the court's order of dismissal. (Docket Entry No. 18 at 6 (noting that Monroy failed to state a claim even if she had identified defendants with personal involvement)). The remaining subsections of Rule 60(b) are inapplicable.

The motion for reconsideration, (Docket Entry No. 20), is denied. The motion for leave to file an amended pleading, (Docket Entry No. 21), is accordingly denied as moot.

SIGNED on March 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge